## IN THE UNITED STATE DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DARNEZ PERKINS and | ) | |
| MICKIN PERKINS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 1:10-cv-05574 |
| v. | ) | |
| | ) | |
| CHICAGO POLICE OFFICERS | ) | |
| O'SHAUGHNESSY (Star # 16499), CORTEZ | ) | |
| (Star #8181), CASTANEDA (Star #13253), | ) | |
| CHRISTOPHER (Star #5974), and the CITY OF | ) | |
| CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMANDED** |

## COMPLAINT

NOW COME the Plaintiffs, DARNEZ PERKINS and MICKIN PERKINS, by and through their attorneys, Barbara C. Long and Shiller Preyar Law Offices, complaining of Defendants, and state as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Plaintiffs' rights under the Constitution of the United States.

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the judicial code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b). The events alleged within all occurred in the Northern District of Illinois.

## PARTIES

4. Plaintiff Darnez Perkins was at all relevant times a resident of the Northern District of Illinois and a United States citizen. Plaintiff has been employed as a Cook County Sheriff's Deputy for eleven years.

5. Plaintiff Mickin Perkins was at all relevant times a resident of the Northern District of Illinois and a United States citizen. Plaintiff has been employed as a Cook County Sheriff's Deputy for eleven years.

6. Defendant O'Shaughnessy (Star #16499) is a present or former employee of the Chicago Police Department. At all relevant times, Defendant O'Shaughnessy acted under color of law within his authority as a duly appointed police officer for the City of Chicago.

7. Defendant Castaneda (Star #13253) is a present or former employee of the Chicago Police Department. At all relevant times, Defendant Castaneda acted under color of law within her authority as a duly appointed police officer for the City of Chicago.

8. Defendant Cortez (Star #8181) is a present or former employee of the Chicago Police Department. At all relevant times, Defendant Cortez acted under color of law within her authority as a duly appointed police officer for the City of Chicago.

9. Defendant Christopher (Star #5974) is a present or former employee of the Chicago Police Department. At all relevant times, Defendant Christopher acted under color of law within her authority as a duly appointed police officer for the City of Chicago.

10. Defendant City is a municipal corporation organized under the laws of the State of Illinois. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was or is

the employer of the Defendants O'Shaughnessy, Castaneda, Cortez, and Christopher (referred to herein as "Defendant Officers").

## BACKGROUND

11. On the evening of December 21, 2008, Plaintiffs were present at their home on 4340 W. Gladys in Chicago, Illinois. At all relevant times, Plaintiffs have lived in and owned this home.

12. On December 21, 2008 at approximately 5:30 p.m., Plaintiffs allowed their two adult dogs to go outside to relieve themselves in the back yard.

13. At approximately 6:00 p.m. that evening, Defendants Castaneda and Cortez rang the doorbell to Plaintiffs' home and insisted that the dogs be taken back in the house.

14. Plaintiff Darnez Perkins cooperated with Defendants Castaneda and Cortez, and identified himself as a Sheriff and displayed his badge.

15. Shortly thereafter, a Chicago Police Sergeant went to Plaintiffs' home. Again, Plaintiff Darnez Perkins identified himself and explained that the dogs had only been outside a short time.

16. Approximately one hour later, a female officer and Defendant Christopher, who identified herself as "Officer Heinz," arrived at the house. Plaintiff Darnez Perkins again displayed his badge, identified himself, and cooperated with the Officers.

17. On December 26, 2008, Defendant Christopher and another male officer went to the Perkins's residence. Defendant Christopher, who again identified herself as "Officer Heinz," asked Plaintiff Darnez Perkins questions about the dogs. Plaintiff answered the questions honestly as was cooperative during the encounter.

18. Plaintiff Darnez Perkins was the only African-American male present at 4340 W. Gladys on December 26, 2008.

19. On January 2, 2009, Defendant O'Shaughnessy presented a Complaint for Search Warrant to a Circuit Court of Cook County Judge to search a Lennell Jones, the single family dwelling of 4340 W. Gladys, and to seize any dogs in violation of 720 ILCS 5/12-36 (possession of certain dogs by a felon). No other offense was stated as a basis for the warrant.

20. The Complaint for Search Warrant further stated that Defendants Castaneda and Cortez were dispatched to 4340 W. Gladys to investigate an animal abuse complaint and that they observed "a black male (n/k/a Lennell Jones)" exit the residence and relay to Defendant Castaneda that the dogs were his and were provided for.

21. The Complaint for Search Warrant also stated that Defendant Christopher had conducted a follow-up investigation on December 26, 2008, and that she had been met by "Lennell Jones who used the alias Derrick Johnson."

22. Plaintiffs do not know any Lennell Jones and have no knowledge of a Lennell Jones ever being at their home.

23. On January 2, 2009, the search warrant was executed for 4340 W. Gladys.

24. As a result of the unlawful search, Plaintiffs were arrested, their home searched, their dogs and other possessions seized, and a prosecution was instituted against them.

25. After holding a hearing pursuant to *Franks v. Delaware*, Circuit Court Judge Luckman found that the Complaint for Search Warrant was knowingly or recklessly false in material respects, which led to the issuance of the warrant without probable cause.

26. All charges were dismissed in a manner indicative of Plaintiffs' innocence in June of 2009.

## COUNT I

### Fourth Amendment – *Franks v. Delaware* violation

27. Plaintiffs re-allege and incorporate all previous paragraphs.

28. Plaintiff Darnez Perkins identified himself and showed his Sheriff's Deputy badge to Defendant Officers on several occasions prior to the issuance of the Complaint for Search Warrant.

29. At no time did Plaintiffs provide a false name or fail to identify themselves to any Officer.

30. Neither Plaintiff has ever been convicted of a felony.

31. Lennell Jones differs in physical appearance in several key respects from Plaintiff Darnez Perkins; most notably, Jones has a large scar across his face.

32. Defendant Officers knew that Plaintiff Darnez Perkins was not Lennell Jones or a convicted felon.

33. Defendant Officers provided false statements of material fact as to Plaintiffs' proper identity in support of the Complaint for Search Warrant.

34. Defendant O'Shaughnessy knew or should have known that these statements were false.

35. But for the inclusion of these false statements of material fact, there would have been no basis in law for the issuance of the warrant.

36. The actions of the Defendant Officers described above, whereby they intentionally or recklessly provided false statements, omitted exculpatory information, failed to investigate, and misled the judge as to the entire basis for the search warrant, constituted deliberate indifference to Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution.

37. As a result of Defendant Officers *Franks* violation, Plaintiffs were injured, including the loss of liberty, emotional damage, legal fees, lost wages, trauma, humiliation, mental distress, and anguish.

38. The actions of Defendant Officers were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiffs' rights.

WHEREFORE, Plaintiffs demand judgment be entered in their favor and that they be awarded compensatory and punitive damages, reasonable attorneys' fees, costs, and expenses and such other and further relief that this Honorable Court deems just.

## COUNT II

### Illegal Search & Seizure/False Arrest - 42 U.S.C. § 1983
### (against Defendant O'Shaughnessy only)

39. Plaintiffs re-allege and incorporate all previous paragraphs.

40. Defendant O'Shaughnessy was the search warrant affiant, participated in its execution, and assisted in the arrests of Plaintiffs.

41. Defendant O'Shaughnessy entered Plaintiffs' home and arrested them knowing the basis of the search warrant to be false, knowing Plaintiffs' proper identity, and knowing that Lennell Jones did not live there.

42. At a minimum, Defendant O'Shaughnessy knew or should have known, upon entering the home, that the search warrant contained incorrect information.

43. The actions of the Defendant O'Shaughnessy described above, whereby he executed the search warrant and arrested Plaintiffs, constituted deliberate indifference to Plaintiffs' rights under the U.S. Constitution, thus violating the Fourth and Fourteenth Amendments to the United States Constitution.

44. As a result of Defendant O'Shaughnessy's illegal search and seizure, Plaintiffs were injured, including the loss of liberty, emotional damage, legal fees, lost wages, trauma, humiliation, mental distress, and anguish.

45. The actions of Defendant O'Shaughnessy were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiffs' rights.

WHEREFORE, Plaintiffs demand judgment be entered in their favor and that they be awarded compensatory and punitive damages, reasonable attorneys' fees, costs, and expenses and such other and further relief that this Honorable Court deems just.

## COUNT III

### State Claim – False Imprisonment

46. Plaintiffs re-allege and incorporate all previous paragraphs.

47. On the basis of Defendant Officers' unlawful conduct, Plaintiffs were improperly imprisoned without legitimate probable cause, resulting in injury.

48. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

49. As a result of the above-described conduct, Plaintiffs were injured, including the loss of liberty, emotional damage, legal fees, lost wages, trauma, humiliation, mental distress, and anguish.

50. All of the misconduct described in this Complaint was undertaken within the scope of Defendants Officers' employment such that the Defendant City of Chicago is liable for the torts of their agents.

WHEREFORE, Plaintiffs demand judgment be entered in their favor and that the be awarded compensatory and punitive damages, reasonable attorneys' fees, costs, and expenses and such other and further relief that this Honorable Court deems just.

## COUNT IV

### State Claim - Intentional Infliction of Emotional Distress

51. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

52. The acts and conduct of Defendant Officers, as set forth above, were extreme and outrageous.

53. In particular, the conduct of Defendant Officers in providing knowingly false statements to secure a search warrant for the Perkins's residence, placed Plaintiffs in a state of anxiety, fear, and humiliation and caused physical pain and severe emotional distress.

54. The above-described IIED constitutes a continuing tort, that continued up to the last act.

55. Defendant Officers intended to cause, or were in reckless disregard of the probability that their conduct would cause severe emotional distress to Plaintiffs.

56. The conduct of the Defendant Officers was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiffs.

57. Said actions and conduct caused Plaintiffs extensive grief and suffering by the blatant lying and intrusion into their home without any lawful basis.

WHEREFORE, Plaintiffs demand judgment be entered in their favor and that the be awarded compensatory and punitive damages, reasonable attorneys' fees, costs, and expenses and such other and further relief that this Honorable Court deems just.

## COUNT V

### 745 ILCS 10/9-102

58. Plaintiffs re-allege and incorporate all previous paragraphs.

59. Defendant City of Chicago is the employer of all Defendant Officers.

60. Defendant Officers committed the acts alleged above under color of law and in the scope of employment as an employee of the City of Chicago.

WHEREFORE, should any Defendant Officer be found liable on one or more of the claims set forth above, Plaintiffs demand that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any compensatory judgment Plaintiffs obtain against said Defendant, as well as attorneys fees' and costs awarded.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

DARNEZ PERKINS
MICKIN PERKINS

By One of their Attorneys:

s/ Barbara C. Long

Barbara C. Long
Shiller*Preyar Law Offices
4554 N. Broadway, Suite 325
Chicago, IL  60640
(773) 907-0940