UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARNEZ PERKINS and<br>MICKIN PERKINS,<br><br>    Plaintiffs,<br><br>    v.<br><br>CHICAGO POLICE OFFICERS<br>O'SHAUGHNESSY, CORTEZ,<br>CASTANEDA, CHRISTOPHER, and the<br>CITY OF CHICAGO,<br><br>    Defendants. | No. 10 C 5574<br>Judge James B. Zagel |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Darnez and Mickin Perkins allege misconduct by four City of Chicago ("the City") police officers ("Defendant Officers") and seek indemnification from the City for any judgment against the Defendant Officers. Plaintiffs filed a five-count complaint. Count I alleges violation of Plaintiffs' Fourth Amendment rights under *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978). Count II claims illegal search and seizure and false arrest pursuant to 42 U.S.C. § 1983. Counts III, IV and V are state law claims for false imprisonment, intentional infliction of emotional distress and indemnification, respectively. Defendants now move to dismiss counts III, IV and V. For the following reasons, Defendants' motion to dismiss is granted in part and denied in part.

**I. STATEMENT OF FACTS**

Plaintiffs allege that on January 2, 2009, they were presented with a warrant to search their home, the person of one Lennell Jones, and to seize any dogs in violation of 720 ILL. COMP. STAT. 5/12-36 (2010) (possession of unsterilized or vicious dogs by felons). The search warrant

stated that Defendant Officers were investigating an animal abuse complaint. The search warrant was executed and Plaintiffs' dogs and other belongings were seized. Plaintiffs were arrested and charged with counts not specified in complaint.

The Cook County Circuit Court found that the complaint for search warrant was knowingly and recklessly false. The warrant authorizing search of Plaintiffs' home therefore lacked probable cause. Consequently, all charges against Plaintiffs were dismissed in June 2009.

## II. STANDARD OF REVIEW

Motions to dismiss challenge the sufficiency of a complaint, not its merits. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). For the purpose of ruling on this motion, I must treat all of the facts alleged in the complaint as true and draw all reasonable inferences in the plaintiffs' favor. *Caldwell v. City of Elwood*, 959 F.2d 670, 671 (7th Cir. 1992). To survive a motion to dismiss, plaintiffs must allege facts sufficient to state a claim for relief that is facially plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007). A claim for relief is plausible if the well-pleaded facts allow me to "infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, - - - U.S. - - - -, - - -, 129 S. Ct. 1937, 1950, 173 L. Ed.2d 868 (2009).

## III. DISCUSSION

Defendants move to dismiss counts III, IV and V because they are barred pursuant to the relevant statute of limitations, and Plaintiffs concede that counts III and IV are stale. As to count V, Plaintiffs argue that Defendants mischaracterized their assertion as a *respondeat superior* claim. According to Plaintiffs, count V is a properly pleaded claim for indemnification by the City pursuant to the Illinois Governmental Tort Immunity Act ("the Act"), 745 ILL. COMP. STAT.

10/9-102 (2002), for any judgment against the Defendant Officers. Plaintiffs argue that although no judgment has been entered against the Defendant Officers, they may file a claim for indemnification concurrent with their other claims.

### A. Counts III and IV Expired Under the Statute of Limitations.

The parties do not dispute that counts III and IV expired under the relevant statute of limitations. The statute provides that "no civil action other than an action described in subsection (b) may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILL. COMP. STAT. 10/8-101(a) (2003). Subsection (b) is inapplicable because it refers to injuries "arising out of patient care." 745 ILL. COMP. STAT. 10/8-101(b). Subsection (c) defines "civil action" to include common law claims. 745 ILL. COMP. STAT. 10/8-101(c). Counts III and IV are common law claims for false imprisonment and intentional infliction of emotional distress against the employees of a local entity, the City. Therefore, the limitation described in subsection (a), one year, applies in this case.

Defendants state that the latest date on which Plaintiffs' causes of action could have accrued was January 2, 2009, when the search warrant was obtained and executed. However, Plaintiffs' causes of action arguably accrued in June 2009, when the Cook County Circuit Court held that the Defendant Officers' search warrant lacked probable cause. Regardless, the claims in counts III and IV are time barred because Plaintiffs filed their complaint on September 1, 2010, more than one year after the court's ruling.

3

### B. Count V States a Properly-Pleaded Claim for Indemnification Under the Act.

The remaining question I must decide is whether Plaintiffs may bring a claim for indemnification pursuant to the Act before any judgment has been rendered against the Defendant Officers.

The Act provides in relevant part: "a local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable." 745 ILL. COMP. STAT. 10/9-102.

Defendants note that the Act does not state that a plaintiff may bring a suit against a local public entity or that a judgment against a local public entity's employees may be imputed to that entity. Rather, Defendants assert, the Act only provides that a local public entity will act as an insurer of any of its employees who are found liable for a judgment while acting within the scope of their employment.

Defendants rely on *Horstman v. County of DuPage,* 284 F. Supp. 2d 1125 (N.D.Ill. 2003), to argue that Plaintiffs may not bring a claim against the City under the Act. In *Horstman*, the court dismissed a claim against DuPage County brought pursuant to the Act for injuries allegedly caused by the actions of the DuPage County Sheriff and Assistant State's Attorney. *Horstman*, 284 F. Supp. 2d at 1131. Though the court acknowledged that the Act only makes a city the insurer of its employees, and does not authorize plaintiffs to sue a city directly for the actions of its employees, the court found that the Act did not apply because the sheriff and state's attorney were not employees of DuPage County within the purview of the Act. *Id*. Rather, they were "elected state officials, answerable to the electorate." *Id*. Because the Act did not apply

and did not permit a private right of action against the county, the court dismissed the plaintiff's claim. *Id.* at 1131-32.

Here, Plaintiffs do not sue the City directly for the actions of the Defendant Officers. Instead, Plaintiffs bring an indemnification claim conditioned on a possible judgment against the Defendant Officers, who are employees of the City. Plaintiffs may bring such claims under the Act. *Wilson v. City of Chicago*, 120 F.3d 681, 685 (7th Cir. 1997). In *Wilson*, the court recognized that the Act did not allow a plaintiff to hold the city directly liable for the actions of a defendant police officer. *Id*. Nevertheless, the court allowed the plaintiff to bring a claim for indemnification under the Act before any judgment against the defendant officer. *Id*. Although a city is not required to pay indemnity while its employee's liability is disputed, "it does not follow" that a plaintiff must wait to file an indemnification claim under the Act until final judgment against a city employee. *Id*. at 684-85. Consistent with Defendants' claim that the City is only an insurer of the Defendant Officers, under the Act a claim for indemnification in the event of a judgment is equivalent to seeking a conditional declaratory judgment against an insurer, which is permitted. *Id*. at 685.

Defendants argue that *Wilson* is inapplicable because there, the city did not concede that the defendant officer acted within the scope of his employment. *Id*. Accordingly, the Defendants claim that the plaintiff in *Wilson* would have been forced to bring an indemnification claim against the city to obtain damages after a judgment against the officer. Defendants contend that this influenced the *Wilson* court's decision not to defer consideration of the indemnification claim. By contrast, here the City concedes that the Defendant Officers acted within the scope of their employment. As a result, Defendants assert that the City would be required to pay

indemnity if the Defendant Officers are found liable and therefore Plaintiffs may not bring an indemnification claim now.

Whether a local entity concedes that its employee acted within the scope of his employment does not control whether a plaintiff may bring a conditional claim for indemnification under the Act. In *Wilson*, the city's argument that the defendant officer was not acting within the scope of his employment was offered as a reason that the city was not obligated to indemnify the plaintiff, not a reason that the plaintiff may not bring an indemnification claim until after judgment against the officer. *See id.* at 684-85. For the purposes of this motion, I must decide the sufficiency of Plaintiffs' indemnification claim, specifically whether it is premature. The merits of that claim, including whether the Defendant Officers were acting within the scope of their employment, is not at issue. The City's agreement as to whether the Defendant Officers acted within the scope of their employment is irrelevant to whether Plaintiffs may state an indemnification claim prior to any judgment against the Defendant Officers.

Defendants' argument implies another difference between *Wilson* and this case: the City's apparent willingness to pay indemnity voluntarily in the event of a judgment against the Defendant Officers. In *Wilson*, the city signaled that it would not pay indemnification if the defendant officer was found liable. *Id.* at 685. This factor influenced the court's decision to allow the plaintiff to bring an indemnification claim under the Act before judgment against the officer. *Id.* A conditional indemnification claim allowed the plaintiff to collect any damages more efficiently than waiting until after judgment. *Id.* Here, however, Defendants imply that the City would not resist paying indemnity in the event of a judgment against the Defendant Officers.

Therefore, arguably the efficiency justification for permitting a conditional indemnification claim does not exist in this case.

This argument still does not warrant dismissal of count V. Neither Plaintiffs nor I can predict whether the City would pay indemnity voluntarily, despite the City's concession that the Defendant Officers acted within the scope of their employment. If the Defendant Officers are found liable and the City chooses not to fulfill its obligation under the Act, Plaintiffs would need to bring a subsequent indemnification claim to compel payment by the City. *See id*. Even if the City would honor its obligation to pay indemnity, allowing the indemnification claim will not slow adjudication of the claims against the Defendant Officers or affect the City's legal rights if the Defendant Officers are vindicated. I agree with the *Wilson* court's statement, which also applies here: "we would be more sympathetic to the City's argument if we could see any benefit from forcing [the plaintiff] to wait until a final judgment was entered." *Id*. Permitting Plaintiffs to bring a conditional indemnification claim now may be more efficient than requiring them to wait until final judgment and will not prejudice the Defendant Officers or the City.

Finally, deciding that a plaintiff only may bring a conditional indemnification claim under the Act when a local entity affirmatively declares that it will not indemnify an employee could lead to systematic inefficiency. Such a rule could encourage local entities to be silent about their intent to pay indemnity so that plaintiffs could not file indemnification claims against those entities at the same time as claims against local entity employees. *See Savin v. Robinson*, No. 01 C 4121, 2001 WL 1191192, at *3 (N.D.Ill. Oct 4, 2001). In those cases where employees who acted within the scope of their employment are liable and a local entity refuses to pay, plaintiffs would need to begin separate indemnification proceedings to collect. *See Wilson*, 120 F.3d at

7

685. Those extra proceedings, even if few in number, would needlessly draw out litigation for the parties and the courts. Allowing conditional indemnification claims under the Act improves judicial economy.

**IV. CONCLUSION**

For the foregoing reasons, I grant Defendants' motion to dismiss counts III and IV and deny Defendants' motion to dismiss count V.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: February 9, 2011